IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 AUG 12 AM 9:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

SHARON WHITED, ET AL.,  }
                        }
    Plaintiffs         }
                        }    CIVIL ACTION NO.
    vs.                }
                        }    98-AR-1865-S
LARRY WHITED,           }
                        }
    Defendant          }

ENTERED
AUG 12 1998

## MEMORANDUM OPINION

On July 31, 1998, this court entered an order requiring defendant, Larry Whited, by 4:30 P.M., August 10, 1998, to show cause in writing, if he could do so, why the case should not be remanded. August 10, 1998, passed without Larry Whited having filed any paper attempting to demonstrate subject matter jurisdiction in this court. This court must examine its subject matter jurisdiction *sua sponte*.

The burden of proof is on a removing defendant to demonstrate the essential elements of subject matter jurisdiction. In this instance in which defendant purports to invoke diversity jurisdiction under 28 U.S.C. § 1332, defendant must prove both the existence of the jurisdictional amount of $75,000, exclusive of interest and costs, and the complete diversity of citizenship between the parties. Here, the removing defendant has failed in his burden on both counts.

1

In this case the several plaintiffs do not assert "undivided" or "dependent" claims. Thus, there can be no aggregation of claims. *Eagle Star Inc. v. Maltes*, 313 F.2d 778, 780 (5th Cir. 1963). "[E]ach claim will vary based upon the particular plaintiffs' injuries." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1358 n. 11 (11th Cir. 1996). Consequently, aggregation for the purpose of ascertaining the jurisdictional amount is not appropriate. Because each plaintiff has made unspecified demands for damages, the removing defendant must show by a "preponderance of the evidence" that the amount in controversy [for each plaintiff] more likely than not exceeds the jurisdictional requirement." *Tapscott*, 77 F.3d at 1357. In defendant's notice of removal, he only makes the conclusory allegation that the matter in controversy meets the jurisdictional amount.

The question of the citizenship of the parties presents defendant with another obstacle that he has not surmounted. It is articulated by the old Fifth Circuit in a case binding on this court:

> The second contention which the appellant makes is that the citizenship which determines diversity jurisdiction must be resolved solely by the facts and circumstances existing at the time of the commencement of the suit and that the district court considered facts and circumstances occurring subsequently. <u>It seems to be without question that a change of citizenship occurring after the commencement of the action would not affect jurisdiction or the absence of it</u>.

*Slaughter v. Toye Bros. Yellow Cab Company*, 359 F.2d 954, 956 (5th Cir. 1966) (emphasis supplied).

2

But the old Fifth Circuit is not the only court of appeals that agrees with this obvious jurisdictional principle. The Third Circuit in *Field v. Volkswagenwerk AG*, 626 F.2d 293 (3d Cir. 1980), citing *Slaughter*, holds:

> It has long been established in federal courts, as the district court pointed out, that jurisdiction is tested by the facts as they existed at the time the action was commenced. [Citing cases]. Thus, if diversity of citizenship did not exist at the time the action was filed, it cannot be created retroactively by a subsequent change of domicile by one of the parties. [Citing cases, including *Slaughter*]. As Professors Wright and Miller have conceded, "this rule seems sound and consistent with the bright line policy of determining diversity as of the commencement of the action."

626 F.2d at 304.

Because substantive jurisdictional defects cannot be waived, it is unnecessary to discuss a probable procedural defect that would be unless plaintiffs file a timely motion to remand. The court will, however, mention it in passing. This removal was not perfected until August 4, 1998, when the filing fee was paid and the civil cover sheet filed. For aught appearing this may have been more than the 30-day removal period after defendant was served. Plaintiffs did not need to file a motion to remand. It would have been a classic case of "overkill."

### Conclusion

For the foregoing separate and several reasons, the case will by separate order be remanded to the Circuit Court of Blount County from which it was erroneously removed.

DONE this 12th day of August, 1998.

*/s/ William M. Acker, Jr.*
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE